United States District Court
Southern District of Texas

**ENTERED**

July 12, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISABEL ALAMA APAMIBOLA, | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE | § | |
| ESTATE OF WILLIAM COFFY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-2566 |
| | § | |
| CITY OF HOUSTON, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Defendants Bombardier Transportation (Holdings) USA, Inc., ("Bombardier") and United Airline, Inc.'s ("UA") Motions for Summary Judgment (Docs. 40, 41). Plaintiff has not filed a response, and the submission date has passed.[2] The court has considered the motions, the summary judgment evidence, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motions be **GRANTED.**

## I.  Case Background

Plaintiff filed this tort action in her individual capacity[3] and as a representative of the estate of William Coffy

---

[1]    This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 16.

[2]    See S.D. Tex. R. 7.3, 7.4. The deadline for Plaintiff's response was May 19, 2016. To date, Plaintiff has not responded to Defendants' motions.

[3]    In her initial disclosure statement, Plaintiff identified herself as "Isabel Alama Apaliboka" despite having filed her suit under the name "Isabel Alama Apamibola." The court uses the name that appears in the pleadings.

("Plaintiff Estate") against Defendants Bombardier, the City of Houston, and UA following the death of William Coffy ("Coffy").[4]

## A.  Factual Background

On August 5, 2014, while living and working in Houston, Texas, William Tee Coffy ("Coffy") fell from a height of more than fifty feet while working at George Bush Intercontinental Airport.[5]  Coffy subsequently died from his injuries.[6]

Coffy married Sheila Coffy ("Mrs. Coffy") in Essex County, New Jersey, on January 21, 1989.[7]  Coffy referred to Mrs. Coffy as his wife in his merchant mariner application.[8]  In an affidavit, Mrs. Coffy stated that her marriage to Coffy was never annulled, the couple never divorced, and the couple remained married through the date of Coffy's death.[9]  On June 15, 2011, while married to Mrs. Coffy, Plaintiff avers that Coffy entered into a second "customary marriage" with Plaintiff in Accra, Ghana.[10]

---

[4]    See Doc. 1-3, Ex. C-1 to Def. UA's Notice of Removal, Pls.' Original Pet.

[5]    See id. ¶ 5.1.

[6]    See id.

[7]    See Doc. 40-8, Ex. H to Def.'s Mot. for Summ. J., Aff. of Sheila Coffy; See Doc. 40-8 Ex. I to Def.'s Mot. for Summ. J., Marriage Certificate.

[8]    See Doc. 40-9, Ex. I to Def.'s Mot. for Summ. J., App. for License as Merch. Mariner's Doc. p. 3.

[9]    See Doc. 40-8, Ex. H to Def.'s Mot. for Summ. J., Aff. of Mrs. Coffy.

[10]   See Doc. 40-1, Ex. A to Def.'s Mot. for Summ. J., Aff. of Apamibola pp. 2-3.

B.  **Procedural Background**

In July 2015, Plaintiff filed this action in state court against Defendants.[11]   Plaintiff alleged negligence (premises liability), negligence per se, and gross negligence under survivorship and wrongful death causes of action.[12]   Plaintiff sought damages for pecuniary losses, psychological treatment, funeral expenses, medical expenses, mental anguish, loss of companionship and society, damages for Coffy's pain, suffering, and mental anguish, pre-judgment interest, post-judgment interest, costs, and exemplary damages.   She also requested a temporary restraining order for a site inspection and return of Coffy's property.[13]

Defendant UA removed this action on September 4, 2015, based on diversity of citizenship.[14]   Defendant UA argued that as it was a citizen of Delaware and Illinois and Defendant Bombardier was a citizen of Delaware and Pennsylvania, they were the only properly joined defendants and were diverse from both Plaintiff Apamibola, a citizen of Ghana, and Plaintiff Estate, presumed by

---

[11]   See Doc. 1-3, Ex. C-1 to Notice of Removal, Pls.' Original Pet.

[12]   See id. ¶¶ 6.1-6.14 . Plaintiff asserted that Coffy had no debts at the time of his death, and no administration of his estate was pending or necessary. Id.

[13]   See id. ¶¶ 7.1-7.5, 8.1-9.2.

[14]   See Doc. 1, Notice of Removal, pp. 5-11.

the parties to be a citizen of Texas.[15]  Defendant UA argued that the City of Houston's citizenship should be disregarded because it was fraudulently joined.[16]

On November 13, 2015, Plaintiff filed motions for leave to amend and to remand.[17]  A few days later, the case was referred to the undersigned.[18]  On January 28, 2016, the court granted Defendant Bombardier's motion to compel Plaintiff to respond to discovery requests and entered a docket control order.[19]

On April 11, 2016, the court recommended that Plaintiff's motion to remand be denied and that the City of Houston be dismissed.[20]  The district court adopted the recommendation on July 7, 2015.[21]

The court also granted Plaintiff's motion for leave to amend in part, and denied it in part.[22]  Plaintiff was allowed to

---

[15]   See id. pp. 1, 5-6.  Plaintiff pleaded that she "represents the Estate of William Coffy under the laws of the [S]tate of Texas."  Doc. 1-3, Ex. C-1 to Notice of Removal, Pl.'s Original Pet. ¶ 3.1.  Defendant UA noted in its Notice of Removal that the estate "is believed to be considered a citizen of Texas." Doc. 1, Notice of Removal p. 5.

[16]   See Doc. 1, Notice of Removal pp. 6-11.

[17]   See Doc. 14, Pl.'s Mot. for Leave to Am. Original Pet.; Doc. 15, Pl.'s Mot. to Remand.

[18]   See Doc. 16, Order Dated Nov. 18, 2015.

[19]   See Doc. 33, Oral Order Dated Jan. 28, 2016; Doc. 34, Docket Control Order.

[20]   See Doc. 38, Mem. & Recommendation dated Mar. 21, 2016.

[21]   See Doc. 39, Order Dated April 8, 2016.

[22]   See Doc. 38, Memorandum and Recommendation. p.17.

correct pleading defects, but was not permitted to add a non-diverse party that Plaintiff had known about but previously chose not to name.[23]  Plaintiff did not file an amended pleading.

On April 15, 2016, Defendant Bombardier filed a motion for summary judgment, arguing that Plaintiff lacked standing because she is not a surviving spouse.[24]  On April 28, 2016, Defendant UA filed a motion for summary judgment, also arguing that Plaintiff lacked standing because she is not a surviving spouse.[25] Plaintiff filed no response to either motion for summary judgment. Neither Plaintiff nor Plaintiff's attorney appeared at a discovery hearing on May, 27, 2016.[26]

The court now considers the motions.

## II.  Legal Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Stauffer v. Gearhart</u>, 741 F.3d 574, 581 (5th Cir. 2014). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  <u>Anderson</u>

---

[23]   See <u>id.</u> pp. 12, 16-17.

[24]   See Doc. 40, Def.'s Mot. for Summ. J.

[25]   See Doc. 41, Def's Mot. for Summ. J.

[26]   See Doc. 45, Minute Entry for Disc. Hr'g dated May 27, 2016.

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet
Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th
Cir. 2001).  To be genuine, the dispute regarding a material fact
must be supported by evidence such that a reasonable jury could
resolve the issue in favor of either party.  See Royal v. CCC & R
Tres Arboles, L.L.C., 736 F.3d (5th Cir. 2013) (quoting Anderson,
477 U.S. at 248).

   The movant must inform the court of the basis for the
summary judgment motion and must point to the relevant excerpts
from   pleadings,   depositions,   answers   to   interrogatories,
admissions, or affidavits that demonstrate the absence of genuine
factual issues.  See Celotex Corp., 477 U.S. at 323; Exxon Corp.
v. Oxxford Clothes, Inc., 109 F.3d 1070, 1074 (5th Cir. 1997).

   If the moving party carries its burden, the nonmovant may
not rest on the allegations or denials in her pleading but must
respond  with  the  evidence  showing  a  genuine  issue  factual
dispute.  Stauffer, 741 F.3d at 581 (citing Hathaway v. Banzany,
507 F.3d 312, 319 (5th Cir. 2007)).   Conclusory allegations,
unsubstantiated  assertions,  improbable  inferences,  unsupported
speculation, or only a scintilla of evidence will not carry this
burden.  Brown v. City of Houston, Tex., 337 F.3d 539, 540-41
(5th Cir. 2003).

   Rule 7.3 provides that "[o]pposed motions will be submitted
to the judge twenty-one days from filing without notice from the

clerk and without appearance by counsel." S.D. Tex. R. 7.3 (2000). Local Rule 7.4 provides that "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. R. 7.4 (2000).

Although a court may not grant summary judgment simply because there is no opposition to the motion, the court may accept the movant's version of the facts as undisputed and grant a motion for summary judgment if the movant makes a prima facie showing of entitlement to summary judgment. See John v. State of Louisiana (Board of Trs. for State Colls. and Univs.), 757 F.2d 698, 708 (5th Cir. 1985) (when the movant's evidence establishes its right to judgment as a matter of law, the district court is entitled to grant summary judgment). Therefore, the court will consider Plaintiff's failure to respond to the pending motions as a representation of no opposition to the legal and factual assertions made in these motions. See id.

### III. Analysis

Defendants argue that Plaintiff lacks standing to bring a wrongful death action because she was not legally married to Coffy under Texas law.

Standing is a requirement of subject matter jurisdiction under Texas law. United Neurology, P.A. v. Hartford Lloyd's Ins. Co., 101 F. Supp. 3d 584, 591 (S.D. Tex. 2015) (citing Texas Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444-445

(Tex. 1993)).  When standing is conferred by statute, the court is to consider the statute itself when determining whether standing applies.  See In re Russell, 31 S.W.3d 846, 856 (Tex.App.—Ft. Worth 2010).

Standing under the Texas Wrongful Death Statute "is for the exclusive benefit of the surviving spouse, children, and parents of the deceased."[27]  Tex. Civ. Prac. & Rem. Code § 71.004(a); Phillips v. The Dow Chemical Co., 186 S.W.3d 121, 126-27 (Tex.App.—Houston [1st Dist.] 2005, no pet.); Villegas v. Griffin Indus., 975 S.W.2d. 745, 749 (Tex.App.—Corpus Christi 1998, pet. denied).  If the surviving spouse, children, or parents have not brought an action within three months of the deceased's death, the executor or administrator of the deceased's estate is entitled to bring suit.  Tex. Civ. Prac. & Rem. Code § 71.004(c). Under the Texas Survival Statute, an individual's heirs, legal representatives, and estate have standing to bring suit.  Tex. Civ. Prac. & Rem. Code § 71.021; Pluet v. Frasier, 355 F.3d 381, 385 (5th Cir. 2004).

In Texas, "a marriage is void if it is entered into when either party has an existing marriage to another person that has not been dissolved by legal action or terminated by death of the

---

[27]     The parties do not dispute that Texas law applies.

other spouse." Tex. Fam. Code. § 6.202(a); <u>Phillips</u>, 186 S.W.3d at 127; <u>Villegas</u>, 795 S.W.2d at 750.

Here, Coffy was married to Mrs. Coffy at the time the customary marriage took place. Coffy and Mrs. Coffy were not divorced, and their marriage was not dissolved by any other means. Because Coffy was already married when he entered into a customary marriage with Plaintiff, his customary marriage was void under Texas law.

Plaintiff was not legally married to Coffy at the time of his death, nor has she argued that she was the executor, administrator, or heir of Plaintiff Estate. Therefore, Plaintiff lacks standing to bring any action on Coffy's behalf.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' motions for summary judgment be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such

objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 12th day of July, 2016.

_____
U.S. MAGISTRATE JUDGE